IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 19-cv-01827-REB-KLM

TROY TUFT,

    Plaintiff,

v.

INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, and
HELMSMAN MANAGEMENT SERVICES, LLC, a wholly owned subsidiary of Liberty Mutual Insurance,

    Defendants.

## ORDER DENYING MOTION TO REMAND

**Blackburn, J.**

The matter before me is **Plaintiff's Objection to Removal and Motion for Remand** [#12],[1] filed June 27, 2019. I deny the motion.

Defendants removed this case to federal court based on diversity of citizenship. 28 U.S.C. § 1441(b). Plaintiff does not contest that the parties are completely diverse or that the amount in controversy exceeds $75,000 exclusive of interest, costs, and attorney fees. *See* 28 U.S.C. § 1332(a). Instead, he claims the case was unremovable pursuant to 28 U.S.C. § 1445(c) because his claim for bad faith breach of insurance contract in connection with the handling of his workers' compensation claim is one "arising under the workmen's compensation laws" of Colorado.

---

[1] "[#12]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

I cannot agree. The majority of federal courts to consider this issue have determined that a claim does not "arise under" the workers' compensation laws unless the cause of action is embedded in the state's workers' compensation statute. **See, e.g.**, **Harper v. Autoalliance International, Inc.**, 392 F.3d 195, 204 (6th Cir. 2004); **Patin v. Allied Signal, Inc.**, 77 F.3d 782, 787-789 (5th Cir. 1996); **Humphrey v. Sequentia, Inc.**, 58 F.3d 1238, 1245-46 (8th Cir. 1995). The Tenth Circuit followed this same rationale in **Suder v. Blue Circle, Inc.**, 116 F.3d 1351 (10th Cir. 1997). There, the court found a cause of action for bad faith breach of insurance contract nonremovable because it was part of Oklahoma's workers' compensation act. **See id.** at 1352. In so doing, the court distinguished **Spearman v. Exxon Coal USA, Inc.**, 16 F.3d 722 (7th Cir.), **cert. denied**, 115 S.Ct. 377 (1994), because the retaliatory discharge claim found removable there was based in general state tort law, rather than the statutory workers' compensation scheme. **Id.** Thus, the court distilled and endorsed the following principle:

> Under the plain meaning of the [removal] statute, where a state legislature enacts a provision within its workers compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies; under such circumstances, the action would be non-removable, subject only to the complete preemption doctrine.

**Id.** (citation omitted, alteration in original). **See also Reed v. Heil Co.**, 206 F.3d 1055, 1060 (11th Cir. 2000) (retaliatory discharge claim arose under Alabama workers' compensation laws because codified therein). By reverse implication, a cause of action

2

which is *not* enacted within the state's workers' compensation laws would not be subject to section 1445(c) and would be removable.

Following that rationale, two courts in this district have held that the duty of good faith and fair dealing does not arise under Colorado's workers' compensation scheme. *See Webb v. Transcontinental Insurance Co.*, 2006 WL 1409521 (D. Colo. May 22, 2006); *Nunn v. St. Paul Travelers*, 2006 WL 827403 (D. Colo. March 28, 2006). As set forth by the district court in *Nunn*, a claim of bad faith breach of insurance contract was first recognized under Colorado common law in 1984. 2006 WL 827403 at *2 (citing *Decker v. Browning-Ferris Industries of Colorado, Inc.*, 931 P.2d 436, 445 & n.8 (Colo. 1997)). Although that duty was codified subsequently elsewhere in the Colorado statutes, it is not part of the state workers' compensation laws, but rather is considered a "public policy tort." *Id. See also Webb*, 2006 WL 1409521 at *2 (Colorado workers' compensation act "'contains no provision indicating that claims against an employer or insurer for bad faith in handling a claim for compensation or treatment are covered by its provisions'") (quoting *Travelers Insurance Co. v. Savio*, 706 P.2d 1258, 1264 (Colo.1985)). Because such claims are not codified in Colorado's workers' compensation laws, the courts found removal proper.

These cogent decisions, as well as the holding and logic in *Suder*, compel me to conclude that plaintiff's claim for bad faith breach of insurance contract, although related to his claim for workers' compensation benefits, does not arise out of the workers' compensation laws. Defendants' removal therefore was not precluded by 28 U.S.C. § 1445(c). Accordingly, plaintiff's motion to remand must be denied.

**THEREFORE, IT IS ORDERED** that **Plaintiff's Objection to Removal and Motion for Remand** [#12], filed June 27, 2019, is denied.

Dated August 21, 2019, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge